UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **HAWK TECHNOLOGY SYSTEMS, LLC**<br><br>v.<br><br>**CADDO PARISH PUBLIC SCHOOLS, by and through CADDO PARISH SCHOOL BOARD** | **CASE NO. 5:16-cv-00202-EEF-KLH** |

### RULE 12(B)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Pursuant to the Federal Rule of Civil Procedure 12(b)(6), Defendant, Caddo Parish Public Schools, by and through Caddo Parish School Board, (hereinafter "Caddo Parish"), respectfully moves for dismissal with prejudice of all claims asserted against it in this matter by Plaintiff, Hawk Technology Systems, LLC ("Hawk" or "Plaintiff"), for failure to state a claim upon which relief can be granted for the following reasons:

1.

Plaintiff's Complaint asserts a claim of patent infringement against Caddo Parish.

2.

More specifically, Plaintiff's Complaint alleges the following:

1. Caddo Parish infringed Claim 12 ("Claim 12") of United States Patent No. RE43,462 ('462 Patent) or one or more of Claim 12's dependent claims.[1]

2. By reviewing publically available information, Hawk learned that CPPS infringed Claim 12 of the '462 Patent.[2]

---

[1] Complaint, Rec. Doc. 1, para. 1 (Feb. 16, 2016).

3. Hawk has prepared a claim chart which explains how each limitation reads onto the method claimed by Claim 12 of the '462 Patent, which claim was infringed by Caddo Parish.[3]

4. All conditions precedent to bringing this action have occurred or been waived.[4]

5. Pursuant to 35 U.S.C. § 285, Hawk is entitled to recover its attorney's fees.[5]

6. Without Hawk's authorization, CPPS infringed Claim 12 of the '462 Patent of one or more of Claim 12's dependent claims.[6]

7. Hawk has been damaged by CPPS' infringement.[7]

3.

A plain reading of Plaintiff's Complaint shows that Plaintiff's allegations are conclusory and fail to state a claim to relief that is plausible on its face.

4.

The facts alleged in Plaintiff's Complaint, even if read in a light most favorable to the Plaintiff, do not support Plaintiff's claim that Caddo Parish infringed its patent and fails to put Caddo Parish on proper notice of the grounds of Plaintiff's claim.

5.

---

[2] Complaint, Rec. Doc. 1, para. 17 (Feb. 16, 2016).

[3] Complaint, Rec. Doc. 1, para. 18 (Feb. 16, 2016).

[4] Complaint, Rec. Doc. 1, para. 19 (Feb. 16, 2016).

[5] Complaint, Rec. Doc. 1, para. 21 (Feb. 16, 2016).

[6] Complaint, Rec. Doc. 1, para. 24 (Feb. 16, 2016).

[7] Complaint, Rec. Doc. 1, para. 25 (Feb. 16, 2016).

7339369_1

Hawk fails to provide any factual allegations as to what actions by Caddo Parish infringe its patent and how said actions actually infringe.

6.

The well-pleaded factual allegations in Plaintiff's Complaint do not state a cause of action against Caddo Parish upon which relief may be granted.

WHEREFORE, for the reasons stated herein and in Caddo Parish's Memorandum in Support of this Motion, Caddo Parish prays that this Motion to Dismiss be granted, dismissing this matter with prejudice.

Respectfully submitted:

Kean Miller LLP

By: */s/ Russell O. Primeaux*
    Russel O. Primeaux (#21989)
    Brian R. Carnie (#30868)
    R. Devin Ricci (#34724)
    Jessica C. Engler (#35120)

400 Convention Street, Suite 700
P. O. Box 3513 (70821-3513)
Baton Rouge, LA 70802
Telephone: (225) 387-0999
Facsimile: (225) 388-9133
russel.primeaux@keanmiller.com
jessica.engler@keanmiller.com
devin.ricci@keanmiller.com

Kean Miller LLP
333 Texas Street, Suite 450
Shreveport, LA 71101
Telephone: (318) 562-2700
Facsimile: (318) 562-2751
brian.carnie@keanmiller.com

***Attorneys for Caddo Parish Public Schools***

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that, on July 1, 2016, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record who have registered to receive electronic service, and I effected service upon all other counsel of record via United States Mail, postage prepaid and properly addressed.

                */s/ Russel O. Primeaux*
                Russel O. Primeaux